# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN JOHNSON,
    Plaintiff,

v.                Case No. 09C0222

OFFICER STEVEN STRASSER, and
DETECTIVE JOHN REESMAN,
    Defendants.

## DECISION AND ORDER

  Pro se plaintiff Steven Johnson, a Wisconsin state prisoner, seeks leave to proceed in forma pauperis and asks me to screen his pleadings in this § 1983 action. I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  Plaintiff originally named police officer Steven Strasser as the sole defendant but now seeks to amend the complaint to name John Reesman, a detective. However, plaintiff has no claim against Reesman, thus, the amendment would be futile. See Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993). Plaintiff alleges that Reesman lied in a criminal complaint, alleging that plaintiff committed a bank robbery. However, the amendment fails because plaintiff's claim is akin to a malicious prosecution claim, and the bank robbery case did not terminate in his favor. See Snodderly v. R.U.F.F. Drug

Enforcement Task Force, 239 F.3d 892, 896 (7th Cir. 2001) (stating that claims resembling malicious prosecution do not accrue until prosecution has terminated in plaintiff's favor). On November 2, 2009, plaintiff was convicted of the bank robbery in Milwaukee County Circuit Court (case number 09CF0195), and I take judicial notice of plaintiff's conviction. See Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983). Therefore, I will deny plaintiff's motion to add Reesman as a defendant and proceed to screen his amended complaint against Strasser.

Plaintiff alleges that Strasser violated his rights under the Fourth Amendment by arresting him without a warrant or probable cause and in violation of his right to privacy. He also claims that Strasser intentionally refused to promptly bring him before of a judge for a judicial determination of probable cause. These claims do not threaten the validity of plaintiff's conviction, and assuming they are true, they state a claim under the Fourth Amendment.

Therefore,

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend his complaint (Docket #6) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's second motion for leave to amend his complaint (Docket #8) is **DENIED**.

**IT IS FURTHER ORDERED** that Detective John Reesman will be **DISMISSED** as a defendant in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendant **Steven Strasser** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendant Steven Strasser shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $342.06 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15 day of January, 2010.

/s_____
LYNN ADELMAN
District Judge