# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN JOHNSON,
        Plaintiff,

    v.                                    Case No. 09C0222

STEVEN STRASSER,
        Defendant.

## DECISION AND ORDER

Pro se plaintiff Steven Johnson brings this § 1983 action alleging that defendant Steven Strasser, a Milwaukee police officer, violated his constitutional rights in connection with an arrest. The parties cross-move for summary judgment.

The facts are as follows: on January 5, 2008, a masked individual robbed TCF Bank. On January 8, the investigating officers advised defendant that plaintiff's girlfriend, Rhonda Holmes, had reviewed a surveillance video of the robbery and identified plaintiff as the offender. The officers asked defendant to assist them in arresting plaintiff who was in the Marquette University Law Library. Defendant discovered that plaintiff had two open warrants for violating Milwaukee ordinances. The officers then proceeded to the library and arrested plaintiff. Plaintiff states that defendant arrested him in a private room in the library and defendant asserts that he remained outside the library while other officers arrested plaintiff. Defendant transported plaintiff to the local jail for processing and had no further contact with him.

I consider defendant's motion first as it is dispositive. I must grant the motion if, taking the evidence and all reasonable inferences therefrom in plaintiff's favor no

reasonable jury could find for plaintiff. In the criminal proceeding against him in state court, plaintiff raised the same issues he raises here, namely that his arrest was unlawful and that he was not timely brought to court for a probable cause determination. The state court ruled against him on each of these issues. Thus, plaintiff's claims are barred by collateral estoppel. See Allen v. McCurry, 449 U.S. 90, 104-05 (1980); Guenther v. Holmgreen, 738 F.2d 879, 883-84 (7th Cir. 1984). Even if plaintiff's claims were not barred, they would fail on the merits. This is so because the police arrested plaintiff based on two facially valid warrants thus plaintiff was not wrongfully arrested. Mark v. Furay, 769 F.2d 1266, 1268-1269 (7th Cir. 1985). Further, even assuming that plaintiff did not receive a prompt judicial determination of probable cause, plaintiff presents no evidence that defendant was in any way personally involved in much less responsible for the delay.

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED** and plaintiff's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 10th day of December 2010.

/s_____
LYNN ADELMAN
District Judge