# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

STEVEN JOHNSON,
                    **Plaintiff,**

        **v.**                                          **Case No. 09C0222**

STEVEN STRASSER,
                    **Defendant.**

---

## <u>ORDER</u>

Plaintiff Steven Johnson moves under Federal Rule of Civil Procedure 59(e) for reconsideration of my order granting summary judgment to defendant Steven Strasser, an officer with the Milwaukee Police Department. Plaintiff claimed that defendant wrongfully arrested him, but I found that this claim failed as a matter of law because plaintiff had two valid open warrants for his arrest at the time, Mark v. Furay, 769 F.2d 1266, 1268-1269 (7th Cir. 1985), and because collateral estoppel prevents him from re-litigating the state court finding that probable cause existed to arrest him. See Allen v. McCurry, 449 U.S. 90, 104-05 (1980); Guenther v. Holmgreen, 738 F.2d 879, 883-84 (7th Cir. 1984).

Plaintiff argues that it was error to consider the warrants because they were not brought before the state court during a suppression hearing. However, the exhibits attached to plaintiff's complaint show that the warrants were in fact brought to the court's attention. (Compl. Ex. A.) Plaintiff further argues that during the state court criminal proceedings the State failed to adequately respond to his motion to suppress evidence and therefore defendant has stipulated that there were no open warrants nor probable cause to arrest him. This argument is totally without merit and serves to only suggest that the

wrongful arrest claim implicates the validity of his conviction and is therefore barred by

<u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Thus even assuming for the sake of argument

that plaintiff is not collaterally estopped by the state court finding of probable cause, it is

clear that his wrongful arrest claim fails.  Therefore,

**IT IS ORDERED** that plaintiff's motion to reconsider is **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of March, 2011.


/s_____
LYNN ADELMAN
District Judge