**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

STEVEN JOHNSON,

    Plaintiff,

    v.                                                                         Case No. 09-C-0222

STEVEN STRASSER and DETECTIVE JOHN REESMAN,

    Defendants

---

## **ORDER**

Plaintiff, Steven Johnson, who is incarcerated at Stanley Correctional Institution, brought a pro se civil action pursuant to 42 U.S.C. § 1983. On December 10, 2010, I granted defendants' motion for summary judgment and dismissed the case; judgment was entered the same day. Plaintiff filed a motion for reconsideration, which I denied on March 28, 2011. Plaintiff filed a Notice of Appeal on April 5, 2011, which initiated Appeal No. 11-1793. On December 2, 2011, the United States Court of Appeals for the Seventh Circuit issued an Order affirming my grant of the defendants' motion for summary judgment. Johnson v. Strasser, No. 11-1793 (7th Cir., Dec. 2, 2011). The Seventh Circuit concluded, "[b]ecause Johnson had a full opportunity to litigate the propriety of his arrest in state court, the district court did not err in finding that Johnson is precluded from relitigating the issue." Id. at pp. 2-3.

Now before me is plaintiff's motion for relief from judgment with supporting points and authorities. He asserts that I committed plain error and made a mistake because I did not analyze his claims pursuant to the test set forth in Franks v. Delaware, 438 U.S. 154 (1978).

He maintains that defendant wrote an affidavit in support of the warrantless arrest of plaintiff that was bare bones and contained materially false statements.

Under Rule 60(b), a court may grant relief from a judgment under the particular circumstances listed in the rule. Russell v. Delco Remy Div. of Gen. Motors, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief from a judgment under Rule 60(b) is an "extraordinary remedy granted only in exceptional circumstances." Rutledge v. United States, 230 F.3d 1041, 1052 (7th Cir. 2000), cert. denied, 531 U.S. 1199 (2001). None of the circumstances listed in Rule 60(b) applies here. By his own admission, plaintiff is making the same arguments he made in response to defendant's motion for summary judgment and on appeal. If he continues to present the same arguments to the court in this closed case, I will consider sanctions.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for relief from judgment (Docket #70) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2011.

s/ Lynn Adelman
LYNN ADELMAN
District Judge